UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| Ally Bank, | File No. 18-cv-01920 (ECT/TNL) |
|---|---|
| Plaintiff, | |
| v. | |
| Lee R. Finstad, | **MEMORANDUM OPINION AND ORDER** |
| Defendant and Third-Party Plaintiff, | |
| v. | |
| Miller Chevrolet, LLC, | |
| Third-Party Defendant. | |

This case was originally filed in North Dakota state court, removed to federal court in the District of North Dakota, and then transferred to the District of Minnesota. Although none of the parties objected at the time of removal or transfer, there are jurisdictional defects in this case with regard to removal and diversity jurisdiction, each of which independently require remand. Because the Court lacks subject-matter jurisdiction, it is without authority to hear a pending motion for judgment on the pleadings and must remand this case to Grand Forks County District Court.

I

In February 2018, plaintiff Ally Bank commenced this lawsuit by serving defendant Lee Finstad ("Finstad"). Summons & Compl. [ECF No. 1-2] at 1. Ally Bank then filed the case in North Dakota state court. *See id.* at 2–3. The nine-paragraph complaint alleges

that Finstad has defaulted on a contract secured by a 2016 Chevrolet Corvette. *Id.* ¶¶ 2, 5. Ally Bank repossessed the vehicle, sold it, and applied the proceeds to the contract balance, but Finstad still is alleged to owe $20,808.61. *Id.* ¶¶ 7–8. The complaint "demands judgment . . . for the sum of $20,808.61 plus costs and disbursements herein, and for such other and further relief as the Court deems just and equitable." *Id.* ¶ 9.

Finstad removed the case to the United States District Court in North Dakota. ECF No. 1. His notice of removal cited to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, indicating that removal was proper "by reason of diversity jurisdiction." *Id.* ¶ 5. Finstad did not make any reference to the amount-in-controversy requirement of $75,000, but he did recite the parties' citizenship to establish complete diversity. *See id.* ¶ 3. Ally Bank did not object to removal.

After removal, but before answering, Finstad filed a third-party complaint against Miller Chevrolet, LLC ("Miller Chevrolet"). ECF No. 2; *see* Fed. R. Civ. P. 14(a)(1) (providing that a defendant may "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim"). Finstad alleges that Miller Chevrolet, from whom he originally purchased the Corvette, should be held "responsible . . . for all sums of money claimed against [him]." Third-Party Compl. ¶¶ 6, 12. In short, Finstad's theory is that he lacked capacity to contract because he had "just [been] released from the hospital after nearly dying in an automobile accident." *Id.* ¶ 6.

Miller Chevrolet then moved, in federal district court in North Dakota, to dismiss for lack of personal jurisdiction. ECF No. 4. Because the sale of the car and the execution of the financing agreement both took place in Minnesota, Miller Chevrolet alleged that it

had no contact with the North Dakota forum, let alone minimum contacts, so the court lacked personal jurisdiction. ECF No. 6 at 1, 4–5.

In lieu of a response to the motion to dismiss, Finstad moved to transfer venue to the District of Minnesota.[1] ECF No. 14. Neither of the other parties objected to transfer. Ultimately, the court granted the motion to change venue and "found as moot" the motion to dismiss. ECF No. 15 at 3. In its transfer order, the court acknowledged that Finstad removed "contending this Court has diversity jurisdiction . . . pursuant to 28 U.S.C. § 1332," but the parties did not request the court to further address the question of subject-matter jurisdiction. *Id.* at 2.

On July 9, 2018, the case was transferred to the District of Minnesota. *See* ECF Nos. 16, 22. Since that time, Miller Chevrolet has answered and moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). ECF Nos. 20, 23.

II

Before holding a hearing on Miller Chevrolet's motion for judgment on the pleadings, the Court issued an order to show cause why the case should not be remanded for lack of subject-matter jurisdiction. ECF No. 33; *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court asked the parties to address three issues: (1) whether removal violated the forum-defendant rule, 28 U.S.C. § 1441(b)(2);

---

[1] Finstad relied on 28 U.S.C. § 1406(a) in his motion to change venue, and in the alternative cited to 28 U.S.C. § 1391 and 28 U.S.C. § 1404. ECF No. 14 at 1; *see also* ECF No. 13 at 2–3. The district court properly analyzed Finstad's motion under § 1404(a), which allows a court to transfer venue for the convenience of the parties and the interests of justice. ECF No. 15 at 2.

3

(2) whether the $75,000 amount-in-controversy requirement was satisfied, 28 U.S.C. § 1332(a)(1); and (3) whether there was complete diversity, particularly with regard to the citizenship of Miller Chevrolet, a limited liability company. *See* ECF No. 33 at 2–3. The Court indicated that "[a]bsent a showing of good cause," it would "take no action on the pending motion for judgment on the pleadings [ECF No. 23] and w[ould] remand the case." *Id.* at 4.

The parties have all responded to the order to show cause. Ally Bank "takes no position on the subject matter jurisdiction issues raised by the Court," saying only that it "is prepared to proceed in whichever court this case is assigned." ECF No. 35 at 1. Miller Chevrolet confirmed that there is complete diversity, but nonetheless agrees that "subject matter jurisdiction is lacking" in light of the forum-defendant rule and the amount-in-controversy requirement. ECF No. 34 at 1. Finstad, however, objects to remand. *See* ECF No. 36. He argues that his violation of the forum-defendant rule should not be treated as a jurisdictional defect. *See id.* at 3–6. He acknowledges Eighth Circuit precedent to the contrary, but characterizes it as "a lonely outlier in federal circuit court jurisprudence." *Id.* at 4. Finstad does not address the amount-in-controversy issue.

III

Subject-matter jurisdiction defines—and constrains—this Court's power to hear a case. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Supreme Court has said that subject-matter jurisdiction is a "bedrock[]" of judicial power and "must be policed by the courts on their own initiative." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citation omitted); *accord Burris v. City of Little Rock*, 941 F.2d

717, 721 (8th Cir. 1991) (citation omitted) (stating that the court was "obliged to raise [the issue of federal jurisdiction] sua sponte, as defects in subject matter jurisdiction cannot be waived"). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

A

The Court first considers the forum-defendant rule. Under 28 U.S.C. § 1441(b)(2), when removal is based on diversity jurisdiction, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In simpler terms, a defendant cannot remove to federal court if he is a citizen of the state where the action was originally filed. *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992). This has been referred to as the "forum-defendant rule." *See Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005).

Defendant Finstad removed based on diversity jurisdiction, ECF No. 1 ¶ 5, even though he has repeatedly acknowledged that he is a citizen of North Dakota, ECF No. 1 ¶ 3, the same State in which Ally Bank brought suit, ECF No. 1-2. And there is no indication that Finstad was not "properly joined and served" as a defendant.[2] 28 U.S.C.

---

[2] Although there is no proof of service in the record, and Finstad has not answered the complaint, he has appeared and filed several pleadings and other documents, none of which challenges service of process. *See, e.g.*, ECF Nos. 1, 2.

5

§ 1441(b)(2). As a result, removal to the District of North Dakota violated the forum-defendant rule.

Finstad appears to concede that he violated the forum-defendant rule; he argues that the Court should nonetheless retain jurisdiction because this defect is procedural and Ally Bank and Miller Chevrolet have waived any objection they might have had to removal. ECF No. 36 at 5. But as this Court noted in its order to show cause, "a violation of the forum-defendant rule is a jurisdictional defect that cannot be waived or overlooked." *Doe XY v. Shattuck-St. Mary's Sch.*, No. 13-cv-1749 (PJS/JSM), 2015 WL 269034, at *1 (D. Minn. Jan. 21, 2015) (citing *Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005)); *accord Am. Oil Co. v. Egan*, 357 F. Supp. 610, 613–14 (D. Minn. 1973). Because Finstad's removal to federal court clearly contravenes § 1441(b)(2), the Court lacks jurisdiction and must remand. *See Doe XY*, 2015 WL 269034, at *1 (finding that "remand cannot be avoided"); *see also Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697 (2003) (referencing the "federal policy of construing removal jurisdiction narrowly").

Although the majority of circuit courts have concluded that the forum-defendant rule is procedural,[3] the Eighth Circuit has repeatedly held otherwise. *See Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) ("In *Hurt v. Dow Chemical Company*, 963 F.2d 1142, 1146 (8th Cir. 1992), we held that the violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'"). And this Court is undoubtedly bound to apply Eighth Circuit precedent. *See Hood v.*

---

[3] *See Gillespie v. Marriott Int'l, Inc.*, No. 1:15-cv-350 (JCC/IDD), 2015 WL 8752135, at *3 (E.D. Va. Dec. 14, 2015) ("At least ten courts of appeals have concluded that the forum-defendant rule is purely procedural.") (collecting cases).

*United States*, 342 F.3d 861, 864 (8th Cir. 2003) ("[T]he District Court declined to apply binding precedent of our Circuit and instead embraced the reasoning of Fifth, Seventh, Ninth, and D.C. circuits, which have rejected our approach . . . . The District Court, however, is bound, as are we, to apply the precedent of this Circuit."); *Moua v. Jani-King of Minn., Inc.*, 613 F. Supp. 2d. 1103, 1114 (D. Minn. 2009) (noting that party's argument that an Eighth Circuit case was wrongly decided was "not entirely without merit," but recognizing that the court was obligated to "follow binding Eighth Circuit precedent").

The Court is unpersuaded by Finstad's suggestions that it may decline to follow *Hurt* and *Horton* or that this precedent is somehow no longer good law. *See* ECF No. 36 at 4 (criticizing *Horton* as a "13-year-old decision" that is "now a lonely outlier in federal circuit court jurisprudence"). In fact, at the time the Eighth Circuit decided *Hurt*, at least two other circuit courts had come out the other way. *See In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991); *Farm Constr. Servs., Inc. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987). And at the time the Eighth Circuit decided *Horton*, doubling down on *Hurt*, the court expressly acknowledged that "other circuits have held to the contrary" and rejected the invitation to "abandon [its] reasoning in *Hurt*." *Horton*, 431 F.3d at 605 (stating that "*Hurt* sets forth the better rule"). Under *Horton* and *Hurt*, Finstad's violation of 28 U.S.C. § 1441(b)(2) deprives the Court of subject-matter jurisdiction and requires remand.

B

Although remand is required based on the forum-defendant rule alone, there is another reason for remand: the amount-in-controversy requirement for diversity jurisdiction is not satisfied. *See* 28 U.S.C. § 1332(a)(1) (providing for federal jurisdiction

over controversies between citizens of different states only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs").

Ally Bank's original complaint does not allege that there is over $75,000 in controversy. *See* ECF No. 1-2. This is understandable, given that Ally Bank originally filed in state court and had no need to establish diversity jurisdiction. But the complaint does expressly state that Ally Bank "demands judgment . . . for the sum of $20,808.61 plus costs and disbursements herein." *Id.* ¶ 9. Under 28 U.S.C. § 1446(c)(2), when removal is sought on the basis of diversity jurisdiction, the sum demanded in the initial pleading is generally "deemed to be the amount in controversy." Ally Bank's demand of $20,808 is well below the $75,000 threshold. *See, e.g.*, *McGuire v. State Farm Fire & Cas. Co.*, 108 F. Supp. 3d 680, 688–89 (D. Minn. 2015) (concluding that amount in controversy was not established where "the maximum legally recoverable value" of the contract damages "did not exceed $68,000; which is well below the $75,000 minimum amount in controversy").

"Where the complaint states a specific amount that is lower than the required jurisdictional amount," it is the removing defendant who bears the burden to "show that it appears to a legal certainty that the amount in controversy exceeds the jurisdictional minimum." *Kaufman v. Costco Wholesale Corp.*, 571 F. Supp. 2d 1061, 1063 (D. Minn. 2008) (citation and internal quotation marks omitted); *accord Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). Section 1446(c)(2)(A)–(3)(A) permits removing defendants to assert the amount in controversy or submit information relating to the amount in controversy. But Finstad has done no such thing, either in his notice of removal or his

8

response to the order to show cause.[4] Given that "all doubts about federal jurisdiction must be resolved in favor of remand," this Court is obligated to remand. *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (citation and internal quotation marks omitted).

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. This action is **REMANDED** to the State of North Dakota District Court, Grand Forks County.

Dated: November 30, 2018         s/ Eric C. Tostrud
                                 Eric C. Tostrud
                                 United States District Court

---

[4] Finstad initially filed an Affidavit of Lee Finstad in Response to the Court's Order to Show Cause as an exhibit to his brief. ECF No. 36-1. That unsigned affidavit addresses the $75,000 issue, but the Court has not considered it because the exhibit was designated "ATTACHMENT FILED IN ERROR – WILL REFILE," and Finstad has not refiled. *See* ECF No. 36-1.

Even if the Court were to consider the unsworn contents of this unsigned affidavit, it would not move the needle. The affidavit suggests that the Court should consider that "the face of [Finstad's third-party] complaint . . . allege[s] damages in excess of $75,000," and that "the purchase price and other accessories, warranties and fees [of the Corvette] was about $82,000.00 which greatly exceeds the $75,000.00 threshold." *Id.* ¶¶ 4, 7. But "[i]t is axiomatic [that] the court's jurisdiction is measured either at the time the action is commenced or, more pertinent to this case, at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). Finstad's third-party complaint was not filed until after removal, and therefore cannot be considered when assessing the amount in controversy. Moreover, the purchase price of the car says nothing about the amount in controversy here—the balance owed on the car.

9